IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-04081-RBJ

MARIA MACALAK,

Petitioner,

v.

GEORGE VALDEZ, JUAN BALTAZAR,
MARKWAYNE MULLIN, TODD BLANCHE,
in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is the petitioner Maria Macalak's ("petitioner" or "Ms. Macalak") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Among other relief, petitioner seeks an order granting her immediate release, or, in the alternative, a bond hearing. *Id.* at 24. Respondents have declined to submit an opposition brief. ECF No. 5. For the reasons below, Ms. Macalak's petition is denied.

**I. Background**

Petitioner is a citizen of Ukraine being detained at the Denver Contract Facility in Aurora, Colorado. ECF No. 1 at ¶ 30. Ms. Macalak had previously been in the United States in late 2021 and lived in West Hollywood. *Id.* at ¶ 9. She left the United States on late Spring 2022. *Id.* at ¶ 10. Unbeknownst to her, her attorney at the time filed a I-589 on her behalf, which was closed when Ms. Macalak did not appear for requirements of the filing. *Id.*

On February 24, 2025, Ms. Macalak lawfully entered the United States through the Visa Waiver program. *Id.* at ¶¶ 2, 54. Shortly thereafter, she contacted an attorney who prepared and executed an asylum application on her behalf in August 2025. *Id.* The application was filed on September 19, 2025. *Id.* at ¶ 50. She then moved from Miami, Florida to New York City. *Id.* at ¶ 3. On October 1, 2025, U.S. Citizenship and Immigration Services ("USCIS") rejected Ms. Macalak's asylum application on the grounds that USCIS had already taken a final action on her case. *Id.* at ¶ 4. On December 23, 2025, Ms. Macalak's attorney attempted to refile the asylum application, which contained the petitioner's Florida address. *Id.* at ¶ 6.

In late February 2026, the petitioner was informed that there had been a Notice to Appear sent to her old West Hollywood address on January 16, 2016 alleging she overstayed her visa in 2021. *Id.* at ¶ 7. On February 18, 2026, USCIS also sent Ms. Macalak a notice to appear before the West Los Angeles Immigration

Court to the same old address. *Id.* Because Ms. Macalak failed to appear, an *in absentia* removal order was issued. *Id.*

The petitioner was detained by immigration agents at Denver International Airport on August 27, 2026. *Id.* at ¶ 1. She has no concerning criminal history. *Id.* at ¶ 21. On September 2, 2026, one day after this petition was filed, Ms. Macalak filed a motion to reopen removal proceedings and rescind the *in absentia* order. ECF No. 8-1, at 1.

## II. Legal Standard

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sep. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

## III. Discussion

At the time of her detention, there was a valid *in absentia* order of removal against Ms. Macalak. Additionally, there were no pending motions to reopen proceedings and rescind the *in absentia* order at the time of the petition. The motion was filed on September 2, 2026, while the petition was filed on September 1, 2026. Thus, Ms. Macalak's detention was justified under 8 U.S.C. § 1231.

Though the circumstances surrounding the *in absentia* removal order may be dubious, this Court lacks the jurisdiction to void the order. *See Wilson v. Choate*, No. 19-cv-2069-WJM, 2019 WL 13214057, at *2 (D. Colo. Nov. 4, 2019). The petitioner's current pending motion before the West Los Angeles Immigration Court to reopen proceedings is the proper avenue to rescind the order.

I decline to address the merits of the petitioner's argument that her detention under § 1231 is unlawful because her removal is automatically stayed upon filing of the motion to reopen proceedings, as it was not raised in the petition. Nor could it have been raised, as the motion was not filed until after the petition.

## IV. Conclusion

Therefore, it is hereby ORDERED that the Petition, ECF No. 1, is DENIED.

Dated: September 18, 2026

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge